# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN RE:

Bryant O Lee,

DEBTOR.

_____/

CHAPTER 13
CASE NO. 17-56475-MBM
JUDGE MARCI B. MCIVOR

## TRUSTEE'S OBJECTIONS TO CONFIRMATION
## OF DEBTOR'S CORRECTED CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Debtor's Corrected Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1.   Debtor has not produced to the Chapter 13 Trustee a copy of Debtor's 2015 tax return as required by Local Bankruptcy Rule 2003-2. Accordingly, Debtor's Plan does not comply with 11 U.S.C. Section 1325.

2.   As of January 20, 2018, the Trustee has not been served with a true copy of the Debtor's Payment Order, nor a copy of an Electronic Transfer of Funds Payment Order, nor an Order excusing the requirement for the same, as required by E.D. Mich. L.B.R. 1007-1(c).

3.   Section IV of Debtor's Chapter 13 Plan indicates that Debtor intends to change "Paragraph D: Post Confirmation Attorney Fees by Petition". Section IV of Debtor's Chapter 13 Plan does not indicate which "Paragraph D" Debtor intends to alter. To the extent that Debtor intends to alter the section referred to as Section V.D., neither Debtor's Plan nor the Additional Standard Provisions attached to Debtor's Plan reflect any changes or alterations to the Court's Local Form Chapter 13 Plan. Under the circumstances, Debtor's Plan may not comply with 11 U.S.C. Section 1325(a)(1).

4.   The Liquidation Analysis of the Debtor's Chapter 13 Plan combines the Debtor's two motor vehicles and does not specify the values, any liens, the Debtor's share of equity and any exemptions claimed. Accordingly, the Debtor's Plan may not comply with 11 U.S.C. Section 1325(a)(4).

5.   Based upon the Debtor's testimony at the First Meeting of Creditors, Debtor's schedules omit Debtor's ownership of three firearms, a 40 caliber pistol, a shot gun and an AKR pistol. Debtor's nondisclosure of these assets violates 11 U.S.C. Section 521 resulting in Debtor's Plan lacking compliance with 11 U.S.C. Section 1325(a)(1).

1

Further, these assets are not included in the Liquidation Analysis attached to Debtor's Chapter 13 Plan rendering it impossible to determine whether Debtor's Plan complies with 11 U.S.C. Section 1325(a)(4).

6. Class 5.1 of Debtor's Chapter 13 Plan treats a claim owed to Mortgage Center secured by a lien on Debtor's residence by paying the claim over the 60 month Chapter 13 Plan term with interest at the rate of 3.75% per annum. Class 5.1 provides for treatment of secured claims on which the last contractual payment comes due within the Plan duration. Based upon the Debtor's testimony at the First Meeting of Creditors, this mortgage does not mature until September, 2029, well beyond the expiration of Debtor's Chapter 13 Plan. Accordingly, this claim must be treated in Class 4 of Debtor's Chapter 13 Plan in order to comply with 11 U.S.C. Section 1325. Further, Debtor's placement of this claim in Class 5.1 would result in this creditor receiving accelerated payments to which creditor is not entitled at the expense of Debtor's General Unsecured Creditors in violation of 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

7. The Plan does not provide that 100% of profit sharing funds and/or bonuses received or entitled to be received by the Debtor since commencement of the Debtor's case be remitted to the Trustee for distribution among creditors as required by 11 U.S.C. Section 1325(b) and *In re Freeman*, 86 F.3d 478 (6th Cir., 1996).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtor's Chapter 13 Plan unless modified to meet these objections.

OFFICE OF DAVID WM. RUSKIN,
STANDING CHAPTER 13 TRUSTEE

Dated: January 22, 2018    By: _/s/ Thomas D. DeCarlo
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
Attorneys for Chapter 13 Trustee, David Wm. Ruskin
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Bryant O Lee,

              DEBTOR.
_____/

CHAPTER 13
CASE NO. 17-56475-MBM
JUDGE MARCI B. MCIVOR

**CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO
CONFIRMATION OF DEBTOR'S CORRECTED CHAPTER 13 PLAN**

I hereby certify that on January 22, 2018, I electronically filed the TRUSTEE'S OBJECTIONS TO CONFIRMATION OF DEBTOR'S CORRECTED CHAPTER 13 PLAN with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

    ELEANOR CATTRON SMITH
    615 GRISWOLD, SUITE 1622
    DETROIT, MI 48226-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

    Bryant O Lee
    14220 Stahelin Ave
    Detroit, MI 48223-0000

/s/ Jayme L. DePriest
Jayme L. DePriest
For the Office of David Wm. Ruskin,
Chapter 13 Standing Trustee - Detroit
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
(248) 352-7755